<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | Civil No.: 18-cv-8829 (KSH) (CLW) |
| *Plaintiff,* | |
| v. | |
| OLD BAILEY CORP., d/b/a PHEBE NIGHTCLUB & RESTAURANT; SAMY S. SHAKER a/k/a SAMY SOLIMAN SHAKER, | <u>**OPINION**</u> |
| *Defendants.* | |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

I.    <u>**Introduction**</u>

This matter comes before the Court on the motion (D.E. 13) of plaintiff J&J Sports Productions, Inc. for default judgment against defendants Old Bailey Corp. d/b/a Phebe Nightclub & Restaurant ("Old Bailey") and Samy S. Shaker ("Shaker," and with Old Bailey, "defendants"). Plaintiff alleges that defendants, without authorization, broadcast a 2016 boxing match as to which plaintiff had exclusive distribution rights.

II.    <u>**Background**</u>

The complaint alleges as follows. Plaintiff is a California corporation with a principal place of business in San Jose. (D.E. 1, Compl. ¶ 5.) It is a closed-circuit distributor of sporting and entertainment programming. (*Id.* ¶ 22; D.E. 13-1, Gagliardi Aff. ¶ 3.) Plaintiff had the exclusive right to exhibit, at commercial closed circuit outlets, the May 7, 2016 English-language telecast of a boxing match entitled Saul Alvarez v. Amir Khan WBC World Middleweight Championship Fight Program (the "Program"), and it sublicensed to various commercial entities

the limited right to publicly exhibit the Program in their establishments, including bars and restaurants. (Compl. ¶¶ 20-21; Gagliardi Aff. Ex. A.) Old Bailey is a New Jersey company, and Shaker is alleged to have been the owner, operator, agent, license holder, and supervisor of the activities at Old Bailey at all times relevant to the action. (Compl. ¶¶ 6-18.) On May 7, 2016, Old Bailey purportedly intercepted and broadcast the Program at Shaker's direction or with his knowledge, despite having no sublicense from plaintiff to do so. (*Id.* ¶¶ 23.) Plaintiff alleges that this broadcast resulted in increased profits for Old Bailey. (*Id.* ¶ 17.)

On May 4, 2018, plaintiff filed its complaint against Old Bailey and Shaker. The complaint asserted claims for violations of 47 U.S.C. § 605 (count I) and, in the alternative, 47 U.S.C. § 553 (count II), as well as common law claims of conversion (count III), unlawful interference with prospective economic advantage (count IV), unlawful interference with contractual relations (count V), and unjust enrichment (count VI). Defendants were duly served (D.E. 9, 10), but have not answered or otherwise responded to the complaint. Default was entered against both defendants on January 24, 2019. Plaintiff has now filed a motion for default judgment (D.E. 13), and relies on an affidavit of Joseph M. Gagliardi, plaintiff's president (D.E. 13-1, Gagliardi Aff.), a certification of counsel (D.E. 13-2, Peters Certif.), and a memorandum of law (D.E. 13-3, Moving Br.). Plaintiff seeks judgment only on count I, for violation of 47 U.S.C. § 605, in the amount of $21,600. (Peters Certif. ¶¶ 7-8.) Plaintiff also requests 30 days to submit its "request for full costs, including reasonable attorneys' fees." (*Id.* ¶ 9.)

### III.   Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.). Although cases are to be decided on their

merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Joe Hand Promotions, Inc. v. Batra*, 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017) (Vazquez, J.).

### IV.   Analysis

The preliminary requirements for entry of default judgment are met here. The Court has subject matter jurisdiction over plaintiff's 47 U.S.C. § 605 claim. 28 U.S.C. § 1331; *see also* 47 U.S.C. § 605(e)(3). In addition to defendants' alleged residence in New Jersey (Compl. ¶¶ 4, 6; Moving Br. 4), plaintiff's service of process on both of these defendants within the state suffices for personal jurisdiction. Fed. R. Civ. P. 4(k)(1)(A); N.J. Ct. R. 4:4-4(a)(1), (6). Old Bailey was duly served via its registered agent and Shaker was personally served. (D.E. 9, 10.) *See* Fed. R.

Civ. P. 4(e), (h). Defendants have not answered or otherwise responded to the complaint, and default has been entered by the Clerk against them.

Plaintiff has also stated a claim under 47 U.S.C. § 605, and no meritorious defense is evident from the record.[1] That statute prohibits the unauthorized interception and publication of communications. 47 U.S.C. § 605(a). Satisfaction of three elements is required: "(1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3) publication." *J&J Sports Prods. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018). Here, they are met. Plaintiff held the exclusive rights to distribute the Program in venues such as Old Bailey and did not sublicense the Program to defendants. (Gagliardi Aff. ¶¶ 3-4, 7 & Ex. A; Compl. ¶¶ 20-21.) From this, it is appropriate to infer that defendants lacked authorization to broadcast the Program. Nonetheless, they showed the Program on May 7, 2016, at Old Bailey, as confirmed by plaintiff's auditor. (Compl. ¶¶ 23-24; Gagliardi Aff. ¶ 7 & Ex. B.) When the auditor visited Old Bailey, the Program was being shown on the bar's televisions, and between 16 and 21 patrons were present. (Gagliardi Aff. Ex. B.)

The predicates for imposing individual liability on Shaker are also met. Plaintiff is required to show that Shaker had "the right and ability to supervise the violative activity, although he need not actually be supervising, because he need not know of the violative activity," as well as "a direct financial interest in the violation, *i.e.*, financial benefits, even if not proportional or precisely calculable, that directly flow from the violative activity." *Ramsey*, 757 F. App'x at 95 (quoting *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 296 (E.D. Pa. 2014)). Plaintiff has supplied a liquor license application Shaker signed in which he represented

---

[1] Plaintiff is not seeking judgment or relief on its remaining claims. Accordingly, the Court need not evaluate their legal sufficiency.

that he owned 100% of the shares in Old Bailey and was its president and secretary. (Peters Aff. Ex. B.) The complaint similarly alleges Shaker's status as an officer and license holder of Old Bailey. (Compl. ¶¶ 8, 12; *see also id.* ¶¶ 11-18 (alleging Shaker's right and ability to control the activities of Old Bailey).) *Accord Batra*, 2017 WL 838798, at *1 n.1.

The remaining factors also weigh in favor of granting the requested judgment. Defendants' failure to appear or to file any response to the complaint has prevented plaintiff from prosecuting this action and obtaining relief, to its prejudice. *See Joe Hand Promotions, Inc. v. Old Bailey Corp.*, 2018 WL 1327108, at *2 (D.N.J. March 15, 2018) (McNulty, J.); *Batra*, 2017 WL 838798, at *3 ("[W]ithout a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendants."). And "[a]bsent any evidence to the contrary, 'the [d]efendant's failure to answer evinces the [d]efendant's culpability'" in the default. *Old Bailey*, 2018 WL 1327108, at *2 (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)). No such evidence of a reason other than defendants' "willful negligence" is present here. *See id.*

With respect to damages, section 605 permits a plaintiff to elect between actual and statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). If the plaintiff elects to seek statutory damages, it may recover no less than $1,000 and no more than $100,000, "as the court considers just." *Id.* § 605(e)(3)(C)(i)(II). Additionally, if the Court finds that the statutory violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." *Id.* § 605(e)(3)(C)(ii).

Plaintiff has elected to seek statutory damages, and seeks "at least" $6,600 under 47 U.S.C. § 605(e)(3)(C)(i)(II). (*See* Peters Aff. ¶ 8; Moving Br. 10, 19.) Plaintiff also seeks

$15,000 under 47 U.S.C. § 605(e)(3)(C)(ii) for defendants' alleged willfulness, which it refers to as "enhanced" damages. Plaintiff acknowledges that the Third Circuit has not established a formula for determining the appropriate amount of damages to be awarded for § 605 violations, and, while registering its disagreement, concedes that courts in this district have looked to actual damages as way to measure the appropriate amount of statutory damages to be awarded. (Moving Br. 11, 14.) *See also Batra*, 2017 WL 838798, at *3; *Joe Hand Promotions, Inc. v. Waldron*, 2013 WL 1007398 (D.N.J. Mar. 13, 2013) (Kugler, J.).

The Court finds persuasive Judge Kugler's reasoning in *Waldron*, which also involved a motion for default judgment in an action seeking both statutory and enhanced damages from commercial defendants for unlawfully showing a fight program in a restaurant. Judge Kugler concluded that the statutory damages, like actual damages, serve only a compensatory function, and the enhanced damages serve a deterrent function. *See* 2013 WL 1007398, at *6-7. Under the circumstances, statutory damages in the amount of the license fee that defendants would owe to plaintiff if they properly licensed the program were appropriate. *Id.* at *7. Other courts in this district have consistently done the same. *See, e.g.*, *Joe Hand Promotions, Inc. v. Laguna Lounge, LLC*, 2018 WL 314816, at *2 (D.N.J. Jan. 5, 2018) (Salas, J.); *Joe Hand Promotions, Inc. v. Candelaria Assocs.*, LLC, 2017 WL 2304646, at *2 (D.N.J. May 25, 2017) (Linares, J.); *Batra*, 2017 WL 838798, at *3. Here, the Court follows suit, and will award $2,200 in statutory damages, an amount equal to the sublicense fee that an establishment of Old Bailey's capacity would have been charged. (*See* Gagliardi Aff. ¶ 8 & Exs. B & C.)[2]

---

[2] Plaintiff argues that if the Court's statutory damages award approximates actual damages, it should add to that number defendants' profits attributable to the statutory violation (Moving Br. 14), but supplies nothing upon which to determine those profits, if any, here.

According to plaintiff, its programming cannot be mistakenly intercepted and affirmative steps would have to be taken to intercept and broadcast the Program. (Gagliardi Aff. ¶¶ 9-10, 14.) Additionally, the Court infers from the fact that defendants showed the Program at Old Bailey, a place of business, that their actions were taken for commercial advantage or pecuniary gain. *Waldron*, 2013 WL 1007398, at *3 (same). As such, the Court will exercise its discretion to award additional, or enhanced, damages under 47 U.S.C. § 605(e)(3)(C)(ii).

The Court declines, however, to award the $15,000 plaintiff has requested. Five factors inform the appropriate amount of an enhanced damages award:

> (1) whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether it reaped substantial profits from the unauthorized exhibition in question; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant advertised its intent to broadcast the event; and (5) whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast.

*Batra*, 2017 WL 838798, at *4. In terms of the first factor, plaintiff points only to a different plaintiff's 2018 judgment against Old Bailey for violating § 605 by broadcasting without authorization a November 2015 boxing match. *See Old Bailey Corp.*, 2018 WL 1327108. Although the violation was nearly identical to that asserted here, one instance does not indicate similar conduct being undertaken "repeatedly and over an extended period of time." No cover fee was charged, and the only promotional effort in the record is a printout of an undated social media post apparently made during or after an event at which a boxing match was shown. (Gagliardi Aff. Ex. B.) There is nothing in the record from which the Court can determine whether or how much defendants profited from showing the Program. Under the circumstances, the Court views $4,400 as an appropriate enhanced damages award. This amount, together with the statutory damages award, results in defendants' liability for three times the amount of the license fee they failed to pay. *Accord Waldron*, 2013 WL 1007398, at *8 (awarding twice the

amount of statutory damages as enhanced damages under similar circumstances); *cf. Old Bailey*, 2018 WL 1327108, at *3 (awarding same amount in enhanced damages as was awarded in statutory damages).

Finally, 47 U.S.C. § 605(e)(3)(B)(iii) requires that the Court "direct the recovery of full costs," including attorneys' fees, to a prevailing plaintiff. In accordance with L. Civ. R. 54.1 and 54.2, plaintiff shall file its motion for costs and attorneys' fees within 30 days after the date of entry of the order and judgment accompanying this opinion.

**V.**     **Conclusion**

For the foregoing reasons, the Court will grant plaintiff's motion for default judgment and award damages in an amount totaling $6,600. An appropriate order and judgment will follow.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J

Date: September 9, 2019